## Pure Food Law.

*Sale of milk—Milk containing less than 12 per centum of solids—Dealer liable to prosecution—Acts of June 8, 1911, and June 2, 1915.*

1. The Act of June 8, 1911, § 1, P. L. 712, makes it unlawful to sell milk having less than 12 per centum of milk solids, even though it contains more than the minimum amount of butter fat; and the amendment of June 2, 1915, P. L. 735, makes no change in this respect.

2. A dealer who sells milk which contains less than 12 per centum of milk solids is liable to prosecution under the act, even though he files an affidavit stating that nothing has been added to or taken from the milk in question, which is otherwise pure and wholesome.

Attorney-General's Department. Opinion to Hon. James Foust, Director, Bureau of Foods, Department of Agriculture.

HULL, Dep. Att'y-Gen., July 27, 1921.—This department is in receipt of your inquiry relative to the interpretation of the Act of June 2, 1915, P. L. 735, amending section 3 of the Act of June 8, 1911, P. L. 712. You ask to be advised whether, in view of this amendment, you should prosecute a dealer who sells milk which contains 3 per centum of butter fat, but less than 12 per centum of milk solids, if such dealer file with you an affidavit that nothing has been added to or taken from the milk in question, which is otherwise pure and wholesome, and is not below 3 per centum in butter fat.

Section 1 of the Act of 1911 declares: "That it shall be unlawful for any person . . . to sell , . . . milk which contains any added water, or milk which has had the butter fat or any portion thereof removed therefrom, or milk to which has been added any substance for the purpose of increasing its consistency or thickness, or milk which contains less than 3¼ per centum of butter fat and less than 12 per centum of milk solids. . . ."

Your inquiry presents first the question whether the word "and" in the last clause quoted above shall be read "and" or "or." If it means "and," then the offence of selling milk below standard is not complete unless the milk is below standard *both* with respect to its butter fat and its milk solids. If the word "and" means "or," then it is a violation of the act to sell milk which is below the standard in *either* butter fat or milk solids.

Referring to the use of these conjunctions in penal statutes, Endlich, in his work on Interpretation of Statutes, says on page 415, section 305: "Both words are interchangeable where the sense and object of the enactment require the one to be substituted for the other, in penal statutes as well as in others, and as against the offender as well as in his favor."

In 11 Ruling Case Law, 1101, it is said: "Pure food laws are enacted as a means of protecting the people against the fraud and imposition of manufacturers and vendors of inferior and unwholesome food and medicinal products. Such statutes are of great public interest, and should be so interpreted, if possible, within sound canons of construction, as to secure to the public the benefit intended by the legislature."

In Com. v. Kevin, 202 Pa. 23, Mr. Justice Mestrezat, referring to another of our pure food statutes, said at page 27: "The purpose of the legislature in the passage of the act is most commendable, and the statute should receive a construction by the courts that will fully and effectively accomplish the object of its enactment."

Viewing this statute as a police regulation enacted in the interest of the public health and for the purpose of preventing fraud and deception, there is no doubt that the legislature intended to require that all milk sold should contain a minimum percentage of butter fat and should also contain a minimum

1 D. & C.

percentage of milk solids, and that it should be unlawful to sell milk which is below the standard in either one or the other of these respects.

In my opinion, therefore, it is a violation of section 1 of the Act of 1911 to sell milk having less than 12 per centum of milk solids, even though it contain more than the minimum amount of butter fat, and does not otherwise offend against the law.

This brings us to the interpretation of section 3 of the Act of 1911, as amended by the Act of June 2, 1915, P. L. 735. It contains the following paragraph, excepting the words in parenthesis, which I have inserted: "If a person accused of violating section 1 of this act (in any particular hereafter mentioned) shall furnish satisfactory affidavit that nothing has been added to or taken from the milk in question, which is otherwise pure and wholesome, and is not below 3 per centum in butter fat, the Dairy and Food Commissioner shall file said affidavit with the records, and no prosecution shall be instituted against said person. . . ."

Section 4 of the act provides: "That the Dairy and Food Commissioner shall be charged with the enforcement of the provisions of this act."

You are the officer charged with the enforcement of this law. Prior to the Act of 1915, it was your duty to prosecute a dealer whom you believed to be guilty of any of the several offences described in section 1. The amendment, however, authorizes and requires you to withhold prosecutions which it would otherwise be your duty to commence, if the person accused shall furnish a satisfactory affidavit of certain facts. These facts relate to certain specific offences defined in section 1, to wit, adding something to milk, taking something from it, and selling it with a butter fat content of less than 3 per cent., but do not refer to the amount of milk solids contained in it.

If the amendment be construed so that the filing of an affidavit as to these particular matters would prevent a prosecution for selling milk with less than the required amount of milk solids, it would, in effect, amend section 1 of the act by striking out that requirement. I am convinced that this was not the legislative intent. The amendment did change the required percentage of butter fat from 3¼ per centum to 3 per centum in cases where an affidavit is filed, and if the legislature had intended to change the required percentage of milk solids or to strike out the requirement altogether, it would have done so expressly. In the absence of such expression, the words which I have written in parenthesis are implied.

In my opinion, the amendment does not relate to or affect the requirement as to milk solids. Any prosecution for violation of that requirement is not prevented by the amendment.

From this it follows that when a dealer furnishes an affidavit, you need not require him to make any reference therein to the amount of milk solids, and if he should insert such an averment, you are, nevertheless, free to prosecute him for the sale of milk which falls below 12 per centum of milk solids.

I, therefore, specifically advise you that when a dealer sells milk which contains less than 12 per centum of milk solids, you should bring your prosecution, even though he should file an affidavit stating "that nothing has been added to or taken from the milk in question, which is otherwise pure and wholesome, and it is not below 3 per centum in butter fat."

From Guy H. Davies, Harrisburg, Pa.